IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID V. WILLIAMS, JR., FED. REG. #99700-022, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CIV. NO. 19-00504 JAO-RT <br><br> ORDER OF TRANSFER |

## ORDER OF TRANSFER

Before the Court is a Petitioner David V. Williams' "28 U.S.C. § 2241 Habeas Corpus Petition" and request for appointment of counsel. Pet., ECF No. 1. Williams is confined in the Federal Correctional Institution, in Estill, South Carolina ("FCI Estill"). He alleges that he was improperly deprived of good time credits based on "18 pages of incident reports" regarding his alleged assault in 2012 at the Federal Detention Center, in Honolulu, Hawaii. *Id.*, at PageID #1.

Williams states that he is filing this Petition "as directed by the 9th Circuit in their Order." *Id.* Williams apparently refers to a recent order issued in *Williams v. United States*, App. No. 19-70317 (9th Cir., Aug. 22, 2019), in which the Ninth Circuit Court of Appeals denied him authorization to proceed with a second or successive petition under 28 U.S.C. § 2255. In so holding, the Ninth Circuit

stated:

> Insofar [Williams] seeks relief related to his head injury, he must seek relief in a prisoner civil right action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] To the extent [Williams] is challenging the loss of good time credits, those claims must be brought in a habeas petition under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861 (9th Cir. 2000) ("petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 *in the custodial court*").

*Id.* (emphasis added).

Jurisdiction over a federal prisoner's § 2241 petition exists when a prisoner "claims that he has been denied good time credits without due process." *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). Venue for such a petition lies in the federal district court where the petitioner is incarcerated. *See Hernandez*, 204 F.3d at 865; *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("[A] § 2241 petition must be filed in the district where the petitioner is in custody.").

Williams seeks relief with respect to the execution of his sentence regarding the allegedly improper denial of good time credits. Thus, Williams' Petition must

---

[1] Williams recently filed a *Bivens* action raising these claims in *Williams v. Fed. Bureau of Prisons*, Civ. No. 19-00081 JMS-KJM (D. Haw.), which was dismissed for failure to state a claim on July 19, 2019, ECF No. 46.

be brought in the United States District Court for the District of South Carolina, where FCI Estill is located and he is incarcerated. "If the district court construes the filing as a [§ 2241] motion and concludes that it therefore lacks jurisdiction, it may transfer the case to the appropriate district." *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012), *as amended* (May 31, 2012); *Hernandez*, 204 F.3d at 864-65; *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990).

Because the instant Petition challenges the execution of Williams' sentence and not the legality of his conviction and sentence, venue is improper in the District of Hawaii. Accordingly, this case is TRANSFERRED to the United States District Court for the District of South Carolina, where Williams is confined. The Clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, October 7, 2019.

Jill A. Otake
United States District Judge

*Williams v. United States*, 1:19 cv 00504 JAO RT; hab '19 (trsf imp. venue)